## LUCAS et al. v. SPANG & CO. OF TEXAS. (No. 1708.)

(Court·of Civil Appeals of Texas. El Paso. Feb. 12, 1925.)

Partnership ⬠56—Evidence held not to sustain judgment against alleged partner denying under oath partnership and verified account sued on.

In action against two defendants as alleged partners, on an itemized verified account, where one denied partnership and account under oath, account did not prove itself because verified, and burden being on plaintiff to prove partnership or that such defendant held himself out as such, *held*, that evidence was insufficient to sustain a judgment against such defendant.

Appeal from Stephens County Court; E. F. Ritchey, Judge.

Action by Spang & Co. of Texas against L. C. Lucas and another and E. G. King. Judgment for plaintiff, and defendants appeal. Affirmed as to E. G. King and reversed and rendered in favor of L. C. Lucas and another.

Leaverton & Hardy, of Breckenridge, for appellants.

Hawkins, Hawkins & David, of Breckenridge, for appellee.

WALTHALL, J. Appellee, Spang ⋅& Co., a corporation, brought this suit in the justice of the peace court to recover a judgment against E. G. King and L. C. Lucas, alleged to be a partnership, upon a duly verified open account in the sum of $124.68, for the purchase and rental of certain oil well tools, and attorney fees in the additional amount of $20, alleged to be reasonable fee. The case was tried in justice court, a judgment entered, and the case duly appealed to the county court by Lucas and there tried de novo, resulting in a judgment in favor of appellee and against King and Lucas individually and as a partnership in the sum of $124.68, on the account, and $12.50 as attorney fees, and against the sureties of Lucas on his appeal bond.

Lucas answered by general denial, denied under oath the partnership and the various items of the' account in whole or in part. King filed an answer admitting his liability for the full amount of the account sued on. Trial was had without a jury.

The trial court stated in the judgment that he found that Lucas held himself out as a partner of King; that the claim had been duly presented to each of·defendants for more than 30 days prior to the filing of the suit; and that $12.50 is a reasonable attorney fee.

Lucas and his sureties on his appeal bond prosecute this appeal. They insist that the evidence is wholly insufficient to support any of the findings of the court as to Lucas or to sustain the judgment as to him. Appellee has not filed a brief. We have reviewed the evidence as contained in the statement of facts found in the record and agree with appellants that the evidence is wholly insufficient to sustain any judgment against Lucas or his. sureties.

F. D.· Pierce was the only witness who testified for appellee. His evidence, in effect, is: He is in the employ of appellee and familiar with its records and books; he checked the books for appellee; the bill shown in his sworn account was the bill sued on; did not know who ordered the account or what representations were made, nor that said account was delivered; ·that Lucas had been duly .requested to pay the bill and had refused to do so; he had not seen the rental order of Lucas until after the suit was filed;·

did not know Lucas personally until long after the account was made and made no inquiry concerning him or the references in the order; had no signatures purporting to be by Lucas.

Lucas testified: Said he wrote an order to appellee for three days" rental of tools, and inclosed amount to cover same; did not write "King & Lucas"; was not and had never been a partner of King; did not order any part of the items of the account or buy any of the items sued for, nor were any of the items of the account delivered to him.

The itemized verified account having been denied under oath, the account could not serve to prove itself by reason of its verification, and there is no other evidence of the purchase or rental of any of the items in the account of anybody, nor is there any evidence of the values of any of the items. There is no evidence in the record that Lucas was a partner with King or had held himself out as such. His partnership having been denied, the burden was on appellee to prove the partnership, or that he held himself out as such.

The judgment of the trial court is sustained as to E. G. King, and is reversed and here rendered in favor of L. E. Lucas and his sureties, appellants in this appeal.